# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI A. ROMERSHEUSER,<br>**Plaintiff**,<br>v.<br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br>**Defendant**. | NO. CV 16-5041-KS<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint on July 9, 2016, seeking review of the denial of her applications for disability insurance benefits ("DIB") and an order reversing the Commissioner's decision and either ordering the payment of benefits or remanding the matter for further administrative proceedings. (Dkt. No. 1.) On August 26, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 14-16.) On January 9, 2017, the Court ordered the parties to

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

1

each file motions for summary judgment setting forth, *inter alia*, a statement of the issues presented and the evidence and legal authorities regarding each claim. (Dkt. No. 24.) On February 8, 2017, Plaintiff filed her motion for summary judgment ("Plaintiff's Motion") (Dkt. No. 26), and on March 10, 2017, Defendant filed her motion for summary judgment ("Defendant's Motion") (Dkt. No. 27). Plaintiff filed additional medical information on March 28, 2017 ("Plaintiff's Supplement"). (Dkt. No. 28.) Plaintiff requests the immediate award of benefits or, in the alternative, a remand to the Commissioner for reconsideration of the evidence. (Complaint at 3.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further consideration. (*See* Defendant's Motion at 9.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 8, 2011, Plaintiff, who was born on February 10, 1968,[2] filed an application for DIB. (*See* Administrative Record ("AR") 181.) Plaintiff alleged disability commencing January 1, 2010, due to "fibromyalgia/myalgia/pre-cancer of cervix, GERD, hypothyroidism/chronic fatigue syndrome, breast cancer (DX 10/2006), lumbar issues, eye sensitivity to light, asthma, vertigo/arthritis, major depression, anxiety/bipolar disorder/PTSD." (AR 225.) Plaintiff previously worked as a home attendant (DOT 354.377-014), survey worker (DOT 205.367-054), and a receptionist (DOT 237-367-038). (*See id*. 21, 57, 227.) The Commissioner denied Plaintiff's application initially. (*Id.* 75). On May 21, 2012, Plaintiff requested a hearing. (*Id.* 85.) On April 22, 2014 and September 25, 2014, Administrative Law Judge John Tobin ("ALJ") held a hearing. (*Id.* 27, 36.) Plaintiff, who was represented by counsel, and Gregory Jones, the vocational expert ("VE"), testified at the hearing. (*Id.* 29-64.) On February 25, 2015, the ALJ issued an

---

[2] Plaintiff was 41 years old on the alleged onset date and thus met the agency's definition of a younger person. *See* 20 C.F.R. § 404.1563(c).

2

unfavorable decision, denying Plaintiff's application for DIB. (*Id.* 13-22.) On May 10, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* 1-5.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 and had not engaged in substantial gainful activity from the alleged onset date of January 1, 2010 through her date last insured. (AR 15.) The ALJ further found that, through the date last insured, Plaintiff had the following severe impairments: "fibromyalgia, mild degenerative disc disease of the lumbar spine, benign positional vertigo, obesity, major depressive disorder in remission, and pre-diabetes." (*Id.*) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (*Id.* at 17.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "a wide range of light work . . . and could occasionally stoop, kneel, crouch, and crawl." (*Id.*) The ALJ found that Plaintiff was able to perform her past relevant work as a survey worker (DOT 205.367-054) and a receptionist (DOT 237-367-038). (AR 21.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from the alleged onset through the date last insured. (*Id.* 21.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r*

*of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

\\
\\
\\
\\
\\
\\

4

# DISCUSSION

## I. <u>Issues In Dispute.</u>

Plaintiff does not identify any errors with the ALJ's decision. (*See generally* Plaintiff's Motion.) Instead, she states that "all of [her] health problems were not mentioned" at the hearing before the ALJ (Plaintiff's Motion at 1),[3] and she submits eight "new" medical records for the Court's consideration (*see* Plaintiff's Motion at 4-13; Plaintiff's Supplement at 4). Accordingly, very liberally construed, the Court understands Plaintiff's Motion as presenting two arguments for an order reversing and remanding the ALJ's decision: (1) she was denied a meaningful opportunity be heard in connection with her claim, *cf. Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013); and (2) she is entitled to a sentence six remand based on new evidence, *cf. Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (courts hold the allegations of a *pro se* pleading to less stringent standards than pleadings drafted by lawyers).

## II. <u>Plaintiff Received A Meaningful Opportunity To Be Heard.</u>

A social security claimant is entitled to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination. *See Dexter*, 731 F.3d at 980 (citing *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). However, the record overwhelmingly refutes Plaintiff's suggestion that she did not receive a meaningful opportunity be heard.

---

[3] However, Plaintiff does not identify any health problems that she neglected to mention at the hearing, any health problems that she believes constitute "severe" medical impairments for the purposes of 20 C.F.R. § 404.1520(c), or any functional limitations that were not considered in the ALJ's assessment of her RFC. (*See generally* Plaintiff's Motion.)

5

The hearing was initially scheduled for April 22, 2014, but when Plaintiff appeared with "a stack, about a quarter to a half-inch of additional records," the ALJ continued the hearing so that he could read these documents and come up with an assessment that included the new information. (AR 30.) The ALJ also explained what would happen at the subsequent hearing – that is, he would take testimony from Plaintiff and the vocational expert and pose questions to figure out what limitations Plaintiff has and whether there are jobs that Plaintiff can perform with those limitations (*id.* 31-33) – and he advised Plaintiff that she was welcome to obtain representation for the hearing (*id.* 34-35).

Five months later, on September 25, 2014, the ALJ held the hearing. (AR 36.) Plaintiff appeared with counsel. (*Id.* at 36, 39.) The ALJ noted that Plaintiff had presented records reflecting medical treatment through July 2014. (*Id.* 38.) At the hearing, Plaintiff testified that she was taking medications for depression and anxiety (AR 42), she had a lumpectomy for breast cancer, which was now in remission (*id.* 49), and she had vertigo for which she took Meclizine (*id.* 49). With respect to Plaintiff's fibromyalgia, Plaintiff testified that she was being treated by a rheumatologist, and the ALJ agreed to leave the record open for Plaintiff to submit a trigger point analysis reflecting her fibromyalgia diagnosis. (AR 52-53.) Plaintiff's attorney also posed several questions to Plaintiff about her impairments. (*Id.* 51-54.) In addition to the testimony presented during the hearing, the Administrative Record contains well over a 1,000 pages of medical records and Plaintiff's March 27, 2013 Adult Function Report, in which Plaintiff answered questions about her symptoms, functional limitations, and medications. (*See id.* 238-41.)

In light of the foregoing, Plaintiff received a meaningful opportunity to be heard. Accordingly, Plaintiff has failed to demonstrate that she was denied due process in connection with her claim for benefits.

\\
\\

**III.    A Remand To Consider New Evidence Is Not Warranted.**

Plaintiff's second contention is that a remand is warranted to consider the evidence attached to her pleadings. The evidence at issue is: an October 4, 2006 Kaiser Harbor City Medical Center report, reflecting Plaintiff's breast cancer diagnosis (Plaintiff's Motion at 4); an August 19, 2011 Kaiser medical record reflecting diagnoses of hypothyroidism and lumbar radiculopathy (*id.* at 5); an August 13, 2012 Kaiser medical record reflecting diagnoses of fibromyalgia, GERD, and hypothyroidism (*id.* at 6); a February 12, 2013 Kaiser medical record reflecting diagnoses of fibromyalgia, depression in remission, and GERD (*id.* at 7); a May 13, 2014 Kaiser medical record reflecting a diagnosis of major depressive disorder in partial remission (*id.* at 8); a January 19, 2017 medical record reflecting diagnoses of lumbosacral radiculitis, lumbosacral disc degeneration, cervical radiculitis, and fibromyalgia (*id.* at 9); a receipt from JM Chiropractic & Acupuncture reflecting three acupuncture appointments in February 2017 (*id.* at 13); and a list of "future appointments" reflecting several additional acupuncture appointments in March 2017 (Plaintiff's Supplement at 4).

The Court may remand a case for the administrative consideration of additional evidence "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in [the] prior [administrative] proceeding." 42 U.S.C. § 405(g). The claimant bears the burden of demonstrating the materiality of the evidence and good cause for not having presented the evidence during the administrative proceeding. *Mayes*, 276 F.3d at 462. New evidence is "material" within the meaning of section 405(g) if the evidence "bears directly and substantially on the matter in dispute," and "there is a reasonable possibility that the new evidence would have changed the outcome of the [administrative] determination." *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (citations and quotations omitted).

However, some of the medical records attached to Plaintiff's pleadings are not "new" evidence" but, rather, duplicative of documents already in the Administrative Record. (*Compare e.g.*, AR 915 (February 12, 2013 Kaiser medical record reflecting diagnoses of fibromyalgia, depression in remission, and GERD) *with* Plaintiff's Motion at 7 (same); AR 820 (August 13, 2012 Kaiser medical record reflecting diagnoses of fibromyalgia, GERD, and hypothyroidism) *with* Plaintiff's Motion at 6 (same)). Further, Plaintiff fails to satisfy the materiality requirement with respect to any of her "new" evidence. The evidence reflects diagnoses that are already reflected in the Administrative Record and acupuncture appointments that occurred several years after Plaintiff's date last insured. None of the new evidence identifies greater functional limitations than those assessed by the ALJ. Plaintiff cannot establish a disability merely by presenting evidence that she has been diagnosed with multiple medically determinable impairments, she must demonstrate she suffers an "inability to engage in any substantial gainful activity by reason of [a] medical determinable . . . impairment." *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990) (mere diagnosis of an impairment is not sufficient to sustain a finding of disability). In the absence of any indication that the diagnoses reflected in the attachments to Plaintiff's Motion and Plaintiff's Supplement caused her to experience greater functional limitations during the relevant period (January 1, 2010 through December 31, 2013) than those assessed by the ALJ, there is no reasonable probability that this evidence would have changed the ALJ's determination. *See Bruton*, 268 F.3d at 827. Accordingly, the "new" evidence is not material and does not warrant a remand.

Finally, even if this "new" evidence satisfied the materiality requirement for a remand, Plaintiff has not demonstrated "good cause" for her failure to present the October 4, 2006, August 19, 2011, and May 13, 2014 medical records to the ALJ at, or prior to, the September 25, 2014 hearing. The duty to develop the record is a shared duty. *See* 20 C.F.R. § 404.1512 (claimant must provide evidence of disability). Plaintiff identifies no reason why

she was unable to timely present these records for inclusion in the Administrative Record, despite the fact that she was represented by counsel and the ALJ left the record open after the hearing for supplementation.

Given Plaintiff's failure to satisfy both the materiality and the good cause prong for a sentence six remand based on new evidence, Petitioner's request for a remand to consider this evidence must be denied.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is free from material legal error, and neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered denying Plaintiff's Motion for Summary Judgment, granting Defendant's Motion for Summary Judgment, and affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 19, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE